IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HERMAN BROWN**                                                                           **PLAINTIFF**

**v.**                                                                           **No. 4:05CV111-D-A**

**INMATE ERIC HEMBEST, ET AL.**                                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the April 29, 2005, *pro se* prisoner complaint of Herman Brown, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this suit. The plaintiff alleges that the defendants were negligent and failed to protect him from the attack of inmate Eric Hembest. For the reasons set forth below, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Facts - As Alleged

The plaintiff and inmate Hembest went to see a psychological counselor December 7, 2004, in Unit 32-D at the Mississippi State Penitentiary in Parchman. While in the counselor's office, inmate Hembest stepped over his handcuffs and, upon exiting the office, attacked the plaintiff. The plaintiff alleges that the defendants were negligent because they permitted him to be close to Hembest, even though the plaintiff was on protective custody and Hembest was not. The plaintiff seeks $150,000.00 in damages. The plaintiff has not, however, alleged that he was injured.

**Discussion**

The plaintiff has not stated a claim upon which relief could be granted. First, he has not alleged that the defendants had warning of an impending attack and failed to take action to prevent it. Instead, he alleges that the defendants were negligent in placing Hembest together with the plaintiff because the plaintiff was on protective custody, and Hembest was not. Taking all inferences in favor of the plaintiff, these allegations state a claim for negligence only and are thus not cognizable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). Further, the plaintiff has not alleged any injury whatsoever; as such, his claims must be dismissed. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005); 28 U.S.C.A. § 1997e(e) (physical injury required to recover damages in prisoner §1983 case). For these reasons, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of May, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE